FILED'07 APR 02 14:46USDC-OR*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

REV. WENDY MCANINCH-RUENZI,
an individual,

                                               Civil No. 06-1040-PA

        Plaintiff,

                                                ORDER

    v.

BOARD OF PENSIONS OF THE
PRESBYTERIAN CHURCH (U.S.A.),

              Defendant.

PANNER, District Judge.

    Plaintiff brought this action in state court alleging a breach of contract claim based upon the defendant's decision to terminate her disability benefits. (Complaint ¶16). Plaintiff sought damages in the amount of her unpaid monthly disability benefits from October 1, 2003 through that date of judgment, an award of reasonable attorney fees and cost pursuant to ORS 742.061, and pre-judgment and post-judgment interest. (Id. at ¶¶17-19).

Defendant removed the action to federal court based upon diversity jurisdiction. (Notice of Removal ¶¶ 4-7). This court has jurisdiction pursuant to 28 U.S.C. § 1332.

Defendant moves for partial summary judgment requesting a determination as to the applicable standard of review to be applied by the court in reviewing the defendant's termination of plaintiff's benefits and on plaintiff's request for attorney fees pursuant to ORS 742.061 (#9).

## I.  **FACTS**

Plaintiff was employed as a campus minister for campus Christian ministry in Ashland, Oregon. (Beltz Dec. ¶2). Organizations affiliated or related to the Presbyterian Church may provide their employees at the time of hire with long-term disability and other employee benefits under The Benefits Plan of the Presbyterian Church (U.S.A.) (the Plan). (Ex. A p. 7 §§1.1 & 1.2.1).

The Plan is a self-funded church plan administered by the Board of Pensions of the Presbyterian Church (U.S.A.) (the Board) on behalf of the Church's employing organizations. (Id.). The Plan "is an employer-paid, non-contributory plan and required dues are paid to the Board by the organization employing the member. (Id. at p. 10 §4.2). The Board is not licensed as an insurance carrier, does not issue insurance policies and the benefits provided are not insured or reinsured by any insurance company.

ORDER - 2

(Beltz Dec. ¶3).

Plaintiff filed a claim for disability benefits under the Plan on July 31, 2000. (Complaint ¶4). The Plan provides that to be eligible for coverage, the employee must be certified by the Board or its medical counsel as disabled as defined under the terms of the Plan. (Ex. A, p. 19 and 7 §§11.1 and 2.1(I)). The Plan's definition of Disability is:

> DISABILITY (OR DISABLED). The inability of a Member due to sickness or bodily injury to perform substantially all of the material duties of his or her regular work or any other type of work that would afford a reasonably comparable level of income, and after a period of twenty-four (24) consecutive months of such disability, the inability of a Member due to sickness or bodily injury to perform an type of work for which he or she is fitted by education, training or experience, all of which conditions must be certified by the Board.

The Plan gives the Board discretion in administering the Plan. (Ex. A p. 47 §18.8). The applicable Plan provision states:

> **Administrative Rules.** The Board shall, from time to time, make such rules and regulations as it, in its sole discretion, deems necessary or appropriate to administer the Benefits Plan or any part thereof. The determination of any amount due or eligibility for benefits pursuant to the Benefits Plan shall be conclusive and binding.

The Plan provides that the Board has the "sole discretion" to require an independent medical examination, and that the claimant, when applying for disability benefits, must furnish proof of disability as the Board "shall deem necessary." (Ex. A, p. 19 §11.2). The applicable Plan provision states:

> **Certification of Disability.** The Board may, in its sole discretion, require an independent medical or psychiatric

ORDER - 3

examination or case review to determine whether a disability should be certified. In applying for Disability benefits, the Member shall furnish such evidence of Disability as the Board shall deem necessary. The Board shall have the right to require evidence of continuing Disability from time to time.

The Plan provides that the Board shall, when necessary, interpret the Plan provisions. (Ex. A p. 46 §18.1). The applicable Plan provision states:

**Administration of Benefits Plan.** The Board shall administer the Benefits Plan and when necessary interpret its provisions. It shall be the fundamental obligation of the Board to maintain the financial and actuarial soundness of the Benefits Plan at all times and to administer the Benefits Plan and the Benefits Plan assets solely in the interest of the Members and their eligible Dependants in accordance with its terms.

The Board has the right to alter or amend the Plan, but such alterations or amendments only become effective with the approval of the General Assembly. (Ex. A pg. 47 §19.1). The applicable provision states:

Right to Alter or Amend Plans. The right to alter or amend the Benefits Plan is reserved solely to the Board with such alteration or amendment to be effective only with the approval of the General Assembly, except with respect to the Medical benefits Plan and the Optional Benefit Plans which may be amended by the Board in accordance with the provisions of sections 19.2 and 19.3, and any amendment to other provisions of the Benefits Plan which amendment would be in the nature of a technical or clarifying change, without benefit or cost implications to members. . . .

The Plan provides that it is to be construed and administered using Pennsylvania law. (Ex. A p. 7 §1.4). The applicable Plan provision states:

ORDER - 4

**Construction and Applicable Law.** The Benefits Plan is intended to be a "church plan" as defined in Section 414(e) of the Internal Revenue Code of 1986 ("the Code") and in Title I of the Employee Retirement Income Security Act as the same may be amended from time to time. The Benefits Plan shall be construed and administered with the laws of the Commonwealth of Pennsylvania.

The Plan was established by the Presbyterian Church (U.S.A.). (Ex. A p. 7 §1.1).  The applicable Plan provision states:

**Name of Benefits Program.** The name of the integrated benefits program of the Presbyterian Church (U.S.A.) is the "Benefits Plan of the Presbyterian Church (U.S.A.)" and is hereinafter referred to as the "Benefits Plan." The Benefits Plan consists of the Pension Plan, Death and Disability Plan, Medical Benefits Plan, Optional Dental Plan, Optional Retirement Savings Plan and Optional Death Benefits Plan.

The purpose of the Plan is to provide benefits to the Members of the Benefits Plan.  (Ex. A, p. 7 §1.2).  The applicable Plan provision states:

**Purpose.** The Benefits Plan has been established to provide retirement, disability, death, medical and dental benefits to Members of the Benefits Plan, their eligible Dependants and beneficiaries.

The Board is a Pennsylvania non-profit corporation.  (Ex. A p. 7 §2.1(c)).  The applicable Plan provision defining the Board states:

BOARD. The Board of Pensions of the Presbyterian Church (U.S.A.), a Pennsylvania non-profit corporation.

The Board paid Disability benefits to the Plaintiff through September 30, 2002, at which time it terminated benefits, because it determined Plaintiff no longer met the Plan's definition of disability.  (Complaint ¶9). The Board paid Plaintiff transitional

ORDER - 5

benefits for up to one year.  (Id.).  Plaintiff filed this action
on May 24, 2006, alleging that the Board breached the contract of
insurance, and seeking attorney fees under ORS 742.061.  (Notice of
removal Ex. B).

## II.  **LEGAL STANDARDS**

A moving party is entitled to summary judgment as a matter of
law "if the pleadings, depositions, answers to interrogatories, and
admissions on file, together with the affidavits, if any, show that
there is no genuine issues as to any material fact . . . ."  Fed.
R. Civ. P. 56©); <u>Freeman v. Oakland Unified Sch. Dist.</u>, 291 F.3d
632, 636 (9th Cir. 2002).  The court cannot weigh the evidence or
determine the truth but may only determine whether there is a
genuine issue of fact.  <u>Playboy Enters., Inc. v. Welles</u>, 279 F.3d
796, 800 (9th Cir. 2002).

The moving party must carry the initial burden of proof.
<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-24 (1986).  The moving
party meets this burden by identifying for the court portions of
the record on file which demonstrate the absence of any genuine
issue of material fact.  <u>Id.</u>; <u>Devereaux v. Abbey</u>, 263 F.3d 1070,
1076 (9th Cir. 2001) (en banc).  In assessing whether a party has
met its burden, the court views the evidence in the light most
favorable to the non-moving party.  <u>Allen v. City of Los Angeles</u>,
66 F.3d 1052, 1056 (9th Cir. 1995).  All reasonable inferences are
drawn in favor of the non-movant.  <u>Gibson v. County of Washoe</u>, 290

ORDER - 6

F.3d 1175, 1180 (9th Cir. 2002), <u>cert. denied</u>, 537 U.S. 1106 (2003).

If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts which show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); <u>Auvil v. CBS "60 Minutes"</u>, 67 F.3d 816, 819 (9th Cir. 1995), <u>cert. denied</u>, 517 U.S. 1167 (1996); <u>see</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250 & n.4 (1986). If the moving party presents evidence which, taken by itself, would establish the right to a directed verdict at trial, the motion for summary judgment must be granted, in the absence of any significant probative evidence tending to support the opposing party's theory of the case. <u>THI-Hawaii, Inc. v. First Commerce Fin. Corp.</u>, 627 F.2d 991, 993-94 (9th Cir. 1980); <u>First Nat'l Bank v. Cities Serv. Co.</u>, 391 U.S. 253, 290 (1968). Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment. <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts which show there is a genuine issue for trial. <u>Devereaux</u>, 263 F.3d at 1076.

### III.  **DISCUSSION**

Defendant moves for partial summary judgment requesting a determination as to the applicable standard of review to be applied by the court in reviewing the defendant's termination of

ORDER - 7

plaintiff's benefits and on plaintiff's request for attorney fees pursuant to ORS 742.061 (#9).  In support of its motion, defendant argues that: 1) the language of the Plan gives the Board sufficient discretion in administering the Plan that the "abuse of discretion" standard of review should apply to the Board's determination; and 2) the Plan is not an insurance policy, therefore, Oregon and Pennsylvania attorney fee statutes do not apply; and 3) the Plan, as a not for profit beneficial entity, is exempt from the Pennsylvania and Oregon attorney fee statutes.

In response, plaintiff argues that: 1) the Plan is an ordinary contract, and ERISA trust principles do not apply as the Plan is a Church Plan exempt from ERISA; 2) defendant fails to prove that the Plan is a trust under Pennsylvania law - there is no evidence of intent by the settlor, plaintiff's employer; 3) even if the Plan is a trust under Pennsylvania law, the Board's determination should be reviewed de novo, because there is no clear language in the Plan delegating discretionary authority to the defendant to make benefits decisions.

In reply, defendant argues that: 1) the Plan is subject to trust law, regardless of the funding mechanism; 2) the cases relied upon by plaintiff for the proposition that the Plan is a contract are distinguishable as they involved promises of pension benefits made as inducements to continue employment; 3) the Plan cannot be considered part of an employment contract because it provides

ORDER - 8

benefits to eligible members, not just employees; 4) the Plan is not an insurance contract as the plaintiff's employer paid monthly dues to the Plan on plaintiff's behalf to be held by defendant and used to fund member benefits - plaintiff's employer turned over its assets to the Church to be used to pay benefits at defendant's discretion - this is sufficient evidence of a trust; 5)under Pennsylvania law, the intent to create a trust does not have to be manifested by express language of an instrument and both <u>Presbytery of Beaver-Butler of United Presbyterian Church v. Middlesex Presbyterian Church</u>, 489 A.2d 1317(1985) and <u>In re Church of St. James the Less</u>, 888 A.2d 795, 809 (2005) support defendant's position that the Plan is a trust as the evidence shows plaintiff's employer sent its own funds to the Plan for the benefit of all members of the Plan; 6) the Plan confers sufficient discretion on the defendant to warrant the "abuse of discretion" standard of review; and 7) section 19.1 does not support plaintiff's position that defendant does not have final decision-making authority for benefits decisions - the court should examine the whole document to determine the intent.

**Trust v. Contract**

Under Pennsylvania law,

In order for a court to find that a trust has been created there must exist in the record clear and unambiguous language or conduct evidencing the intent to create the trust. . . . No particular words or conduct is required to manifest the intention to create a trust. Such manifestation of intention may be written or spoken

ORDER - 9

words or conduct indicating that settlor intended to
create a trust.

<u>Presbyterian of Beaver-Butler</u>, 489 A.2d at 1324.  The focus of the
court is on the intent of the settlor at the time of the creation
of the alleged trust.  <u>Id</u>.

In <u>Presbyterian of Beaver-Butler</u>, the court found that a trust
was not created, because the local church retained the property at
issue in the name of the local church even after it affiliated with
the national church, there was no express trust language in the
local church's constitution, and a prior attempt to include such
trust language was defeated by the members of the local church.
<u>Id</u>. at 1324-1325.  In <u>In re Church of St. James the Less</u>, the court
found that the local church did not have a vested interest in the
property at issue and held the property in trust for the national
church because:

> St. James' Charter declares that St. James' purpose is to
> serve as a place to worship God "according to the faith
> and discipline of the [National Episcopal Church]."  . .
> . More importantly, the Charter ensures that St. James
> will always be used for this purpose as it (1) states
> that any person who disclaims the authority of the
> National Episcopal Church or the Diocese can no longer be
> a member of St. James; and (2) requires St. James to
> obtain the Diocese's consent for amendments to its
> Charter. . . . Accordingly, St. James effectively agreed
> in these provisions to always accede to the authority of
> the National Episcopal Church and the Diocese and to
> forever serve as a place of worship for those who adhere
> to that same authority.  As such, it plainly held its
> property for the benefit of the National Episcopal Church
> and Diocese, i.e. in trust for those entities.  <em>See</em>
> Restatement (Second) of Trusts §2 (defining trust as "a
> fiduciary relationship with respect to property,
> subjecting the person by whom the title to the property

ORDER - 10

is held to equitable duties to deal with the property for
the benefit of another person.")  . . .

Ir re Church of St. James the Less, 888 A.2d at 808-809.  The court
went onto to state that St. James clearly intended to place its
property in trust for the diocese . . ..  Id. at 810.

The court finds that there is sufficient evidence of intent on
the part of plaintiff's employer to create a trust for the benefit
of plaintiff and other members of the Plan.  Plaintiff's employer
paid dues to the defendant for the benefit of plaintiff and other
members of the Plan.  (Ex. A p. 10 §4.2).  The defendant manages
and administers the Plan for the benefit of plaintiff and other
members.  (Id. at p. 7 §§ 1.1 and 1.2.1).  Therefore, the court
finds that the Plan is a trust and not a contract.

**Standard of Review**

Under Pennsylvania law, the intent of a document is determined
by consideration of the entire document.  Koenig v. Progressive
Ins. Co., 599 A.2d 690, 692 (1991).  Pennsylvania law on trusts is
in agreement with ERISA case law in that when a trust confers
discretion upon the trustee with respect to the exercise of a
power, the court will not interfere with its exercise except to
prevent abuse by the trustee.  Geron v. Kennedy, 112 A.2d 181, 183
(1955).  While it is true that the Plan is exempt from ERISA as a
church plan under 29 U.S.C. § 1003, the court finds that ERISA law
is persuasive and instructive in determining what standard of
review is applicable.

ORDER - 11

In ERISA cases, the court applies the abuse of discretion standard in case where the plan gives the administrator discretionary authority. <u>Firestone Tire and Rubber Co. v. Brunch</u>, 489 U.S. 101, 155 (1989).  When the language in a plan grants an administrator the power to determine eligibility, review determinations, construe and interpret terms, determine all benefits and resolve all questions, this language is sufficient to warrant the application of the abuse of discretion standard of review.  <u>Taft v. Equitable Life Assurance Society</u>, 9 F.3d 1469, 1471 (9th Cir. 1994); <u>Ely v. Boeing Co.</u>, 945 F.2d 276 (9th Cir. 1991); <u>Bogue v. Ampex Corp.</u>, 976 F.2d 1319 (9th Cir. 1992), <u>cert. denied</u>, 507 U.S. 1031 (1993).

The undisputed evidence demonstrates that the Plan gives that Board "sole discretion" in making such rules and regulations necessary or appropriate to administer the Plan.   (Ex. A p. 47 §18.8).  The Plan gives that Board "sole discretion" to require an applicant to furnish proof of disability and to require an independent medical examination.  (Id. at p. 19 §11.2).  The Plan gives the Board the authority to interpret the Plan. (Id. at p. 46 §18.1).  The Board may alter or amend the Plan subject to the approval of the General Assembly.  (Id. at p. 47 §19.1).  The court finds, viewing the document as a whole, that the Plan gives the defendant sufficient discretionary authority to warrant the application of the abuse of discretion standard.

ORDER - 12

**Attorney Fees**

The undisputed facts demonstrate that Pennsylvania law applies to the contract. (Ex. A pg. 7 §1.4). The undisputed facts demonstrate that the defendant is a non-profit corporation formed by the church for the purpose of providing benefits to plan members, eligible dependents, and beneficiaries. (Id. at §2.1(c); Beltz Decl. ¶3). As such, defendant is exempt from paying attorney fees under Pennsylvania law. 40 P.S. §23. Therefore, defendant is entitled to summary judgment on plaintiff's claim for attorney fees.

### III.  ORDER

Based on the foregoing, it is ordered that defendant's motion for partial summary judgement (#9) is granted, plaintiff's claim for attorney fees is dismissed, and the court will apply the abuse of discretion standard in reviewing the defendant's determination to terminate plaintiff's benefits.

DATED this _____ day of April, 2007.

_____

UNITED STATES DISTRICT JUDGE

ORDER - 13